**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------x

Rahul Manchanda,

               Plaintiffs,

-against-

Attorney Grievance Committee Chief
Abigail Reardon, Staff Attorney
Remi Shea, Chief Counsel Jorge Dopico,
Judge Rolando Acosta,

               Defendants.

-----------------------------------x

Index No

**COMPLAINT**

    Plaintiff, Rahul Manchanda, for his Complaint against above named

Defendants alleges:


1.    Plaintiff, at all times relevant hereto, works and owns Manchanda
   Law Office PLLC, located at 30 Wall Street, 8th Floor, New York NY
   10005.


2.    Defendants live and work at various locations throughout New York
   State and New York City, including but not limited to Attorney
   Grievance Committee First Department located at 180 Maiden Lane,
   17th Floor, New York NY 10038 and 27 Madison Avenue, New York NY
   10010.


3.    This complaint concerns the non-stop malicious prosecution,
   aggravated harassment, abuse of process, vexatious litigation, forum
   shopping, judicial corruption, judicial bias, civil and criminal
   RICO, judicial misconduct, public corruption, unlawful trespassing

into computer networks, conversion/theft of computer data, illegal electronic surveillance and wiretapping, committed jointly by co-defendants since at least 2021 all the way to the present day, directly and proximately contributing to and causing Plaintiff Rahul Manchanda's heart attack and cardiovascular problems, as well as now his spouse Sylwia Manchanda's colloidal cyst/brain tumor problems, further bankrupting plaintiffs by co-defendants coordinated legal onslaught going on many years now, with no basis in fact, evidence, or substantiation of claims.

4.   As this lawsuit demonstrates, defendants are weaponizing the judicial and legal system, abusing their position and power to remove Plaintiff's law license of 21 years, "soft kill" the plaintiff on behalf of Jewish Organized Crime, Extremist Jewish Zionist donors, financial contributors, oligarchs, within their orbit and sphere of influence, simply for Plaintiff expressing his political views that go against hardcore extremist Jewish and Zionist domestic and foreign policy.

**Electronic Communications Privacy Act**

5.   This case also involves various violations of the Electronic Communications Privacy Act ("ECPA") which protects the privacy of electronic communications through Title I, Wiretap Act, which prohibits the interception of electronic communications during trans

and the use of intercepted communications (18 U.S.C. § 2510 to § 2523), Title II, Stored Communications Act ("SCA"), which protects electronic communications in storage (as opposed to communications in transit) (18 U.S.C. § 2701 to § 2713), and Title III, Pen Register/Trap and Trace Devices, which restricts the use of pen registers, which are devices that record the numbers dialed for outgoing calls made from the target phone, and trap and trace devices, which capture the numbers of calls made to a target phone (18 U.S.C. § 3121 to § 3127) aka "The Wiretap Act" which provides a private right of action against anyone intentionally intercepting, attempting to intercept, or procuring any person to intercept any wire, oral, or electronic communication (18 U.S.C. § 2511(1)(a)).

## Computer Fraud & Abuse Act

6.     The Computer Fraud and Abuse Act, 18 U.S.C. § 1030 ("CFAA") creates a private right of action against those who wrongfully access, or exceed their authorized access, to a protected computer (as defined by the CFAA to includes computers used in interstate or foreign commerce or communication), thereby causing the requisite damage or loss, theft of data, hacking, data breach, and other anti-competitive behavior, and wherein the term "computer" under the CFAA means any device for processing or storing data such as desktop and laptop computers, cell phones, cell towers, and stations that submit wireless signals, websites, restricted databases, iPads, Kindles,

Nooks, and videogame systems such as Xbox.

## 42 U.S.C. § 1983 CIVIL LIABILITY ISSUES

7.   Pursuant to 42 U.S.C. § 1983, every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable;

## CIVIL RIGHTS ACT OF 1871

8.   The Civil Rights Act of 1871 is a federal statute, numbered 42 U.S.C. § 1983, that allows people to sue the government for civil rights violations, and it applies when someone acting "under color of" state-level or local law has deprived a person of rights created by the U.S. Constitution or federal statutes;

9.  Courts have determined that the "under color of" clause requires that the wrongdoer qualify, at least in some sense, as a representative of the state when depriving the victim of civil rights - in a nutshell, the clause refers to people who misuse some kind of authority that they get from state or federal law;

## CRIMINAL ACTS

10. Under the federal criminal code, Section 242 of Title 18 makes it a crime for a person acting under color of any law to willfully deprive a person of a right or privilege protected by the Constitution or laws of the United States;

11. For the purpose of Section 242, acts under "color of law" include acts not only done by federal, state, or local officials within their lawful authority, but also acts done beyond the bounds of that official's lawful authority, if the acts are done while the official is purporting to or pretending to act in the performance of his/her official duties;

12. Persons acting under color of law within the meaning of this statute include law enforcement officials, judges, and any others acting as public officials;

13. It is not necessary that the crime be motivated by animus toward the

race, color, religion, sex, handicap, familial status or national origin of the victim;

14. The offense is punishable by a range of imprisonment up to a life term, or the death penalty, depending upon the circumstances of the crime, and the resulting injury, if any;

15. Title 18 U.S.C. § 242 states: "Whoever, under color of any law, statute, ordinance, regulation, or custom, willfully subjects any person in any State, Territory, Commonwealth, Possession, or District to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States...shall be fined under this title or imprisoned not more than one year, or both; and if bodily injury results from the acts committed in violation of this section, or if such acts include the use, attempted use, or threatened use of a dangerous weapon, explosives, or fire, shall be fined under this title or imprisoned not more than ten years, or both; and if death results from the acts committed in violation of this section or if such acts include kidnaping or an attempt to kidnap, aggravated sexual abuse, or an attempt to commit aggravated sexual abuse, or an attempt to kill, shall be fined under this title, or imprisoned for any term of years or for life, or both, or may be sentenced to death;"

## 42 U.S. CODE § 2000EE-1. PRIVACY AND CIVIL LIBERTIES OFFICERS

16. Under 42 U.S. Code § 2000ee-1 dealing with privacy and civil liberties officers, sub-section (e) pertaining to Reprisals For Making A Complaint, "No action constituting a reprisal, or threat of reprisal, for making a complaint or for disclosing information to a privacy officer or civil liberties officer described in subsection (a) or (b), or to the Privacy and Civil Liberties Oversight Board, that indicates a possible violation of privacy protections or civil liberties in the administration of the programs and operations of the Federal Government relating to efforts to protect the Nation from terrorism shall be taken by any Federal employee in a position to take such action, unless the complaint was made or the information was disclosed with the knowledge that it was false or with willful disregard for its truth or falsity."

## SPECIFIC MISCONDUCT AND ILLEGAL BEHAVIOR OF THE DEFENDANTS

17. As show in the attached **EXHIBITS**, the various co-defendants acting jointly and severally liable, engaged and embarked on the following federal crimes, torts, violations of law, and other acts thus prompting this federal lawsuit:

## Attorney Grievance Committee ("AGC") Chief Abigail Reardon

18. As per the attached **EXHIBITS** AGC Chief Abigail Reardon Abigail Reardon is a corrupt and allegedly nepotism graced daughter of

Attorney Grievance Committee First Department disgraced and deceased former chief Roy Reardon, who apparently has many massive financial problems as indicated here:

https://www.abajournal.com/news/article/biglaw-firm-is-punishing-5-departing-partners-in-bonus-clawback-dispute-suitsays

https://www.businessinsider.com/nixon-peabody-partners-dla-say-they-are-owed-millions-2020-9

19. It is alleged that wealthy Jewish billionaire oligarchs, in exchange for assisting and bailing her out financially, or because she is beholden to them, is abusing her position as chief of the Attorney Grievance Committee First Department by going after lawyers who criticize or file lawsuits against her Jewish billionaire oligarch cronies and business contacts, or criticize U.S. foreign policy blindly supporting Israel's human rights violations against Palestinians and other Muslims/Arabs, such as undersigned lawyer Rahul Manchanda and my law license and law firm.

**AGC Staff Attorney Remi Shea, Chief Council Jorge Dopico, Judge Rolando Acosta**

20. The above named defendants have been actively aiding and abetting Abigail Reardon's crazed and ruthless crusade against undersigned

Plaintiff for many years, breaking numerous laws and ethics along the way.

**AS AND FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANT**

21.  Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 20 of this Complaint;

22.  Plaintiffs herein sue for actual and punitive damages in the amount of $20,000,000 for gross and rampant violations of 42 U.S.C. § 1983 pertaining to a civil action for deprivation of rights under the color of law and authority by government/judicial/public official defendants;

**AS AND FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANT**

23.  Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 20 of this Complaint.

24.  Plaintiffs herein sue for actual and punitive damages in the amount of $20,000,000 for gross and rampant violations of 42 U.S.C. § 2000ee-1(e) dealing with Reprisals/Retaliation for filing *bona fide* legitimate complaints against government employees;

**AS AND FOR A THIRD CAUSE OF ACTION AGAINST DEFENDANT**

25. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 20 of this Complaint.

26. Plaintiffs herein sue for actual and punitive damages in the amount of $20,000,000 for gross and rampant violations of the Electronic Communications Privacy Act ("ECPA") against plaintiff;

**AS AND FOR A FOURTH CAUSE OF ACTION AGAINST DEFENDANTS**

27. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 20 of this Complaint.

28. Plaintiffs herein sue for actual and punitive damages in the amount of $20,000,000 for gross and rampant violations of the Computer Fraud and Abuse Act ("CFAA") against plaintiff;

**AS AND FOR A FIFTH CAUSE OF ACTION AGAINST DEFENDANTS**

29. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 20 of this Complaint.

30. Plaintiffs herein sue for actual and punitive damages in the amount of $20,000,000 for Abuse of Process by the Defendants;

**AS AND FOR A SIXTH CAUSE OF ACTION AGAINST DEFENDANTS**

31.   Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 20 of this Complaint.

32.   Plaintiffs herein sue for actual and punitive damages in the amount of $20,000,000 for Malicious Prosecution by the Defendants;

**AS AND FOR A SEVENTH CAUSE OF ACTION AGAINST DEFENDANTS**

33.   Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 20 of this Complaint.

34.   Plaintiffs herein sue for actual and punitive damages in the amount of $20,000,000 for Computer Trespass by the Defendants;

**AS AND FOR AN EIGHTH CAUSE OF ACTION AGAINST DEFENDANTS**

35.   Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 20 of this Complaint.

36.   Plaintiffs herein sue for actual and punitive damages in the amount of $20,000,000 for Conversion of Computer Data by the Defendants;

**AS AND FOR A NINTH CAUSE OF ACTION AGAINST DEFENDANTS**

37.   Plaintiffs repeat and reallege each and every allegation contained
      in paragraphs 1 through 20 of this Complaint.


38.   Plaintiffs herein sue for actual and punitive damages in the amount
      of $20,000,000 for Judicial Bias and Prejudice by the Defendants;


40.   such other and further relief as this Court deems just and proper,
      including applicable interest, costs, expenses, and disbursements of
      this action.


**Dated:**      New York, New York
                October 21, 2023

                            _____
                            Rahul Manchanda, Esq.
                            Manchanda Law Office PLLC
                            30 Wall Street, 8th Floor
                            New York, New York 10005
                            Tel: (212) 968-8600