USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/8/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
RAHUL MANCHANDA,

                          Plaintiff,

       -against-

ABIGAIL REARDON, et al.,

                         Defendants.
-----------------------------------------------------------------X

23-CV-9292 (JPC) (KHP)

**ORDER**

**KATHARINE H. PARKER, United States Magistrate Judge:**

    The Court is in receipt of Plaintiff's letter motions to compel at ECF Nos. 33 and 35; the State Defendants' letter for a pre-motion conference at ECF No. 40; and Plaintiff's opposition to the State Defendants' letter at ECF No. 41.

    As an initial matter, the parties are advised that in federal court, all deadlines are set by the Federal Rules of Civil Procedure and the Court, and not by the parties. **Accordingly, moving forward, Plaintiff is ordered to refrain from including response deadlines in his filings**. In general, under my Individual Rules, parties have three business days to respond to letter motions.

    As to the letter motions to compel, the Court agrees with the State Defendants that these motions are now moot, and Plaintiff has not stated a reason in his opposition letter as to why the motions are not moot. **Accordingly, the letter motions to compel are terminated as moot.**

    The State Defendants' request for a pre-motion conference is granted. The pre-motion conference will be held at the same time as the Initial Conference, which is already scheduled to occur on January 9, 2024 at 11:45am. The State Defendants' request to adjourn the Initial

Conference is DENIED.  The Court will discuss Plaintiff's Motion for Sanctions and the anticipated Motion to Dismiss at the Initial Conference.

In lieu of jointly completing a Proposed Case Management Plan, the parties are instead directed to each complete the Proposed Case Management Plan for Pro Se Cases, available at https://www.nysd.uscourts.gov//khpProposedCaseManagementPlanForProSeCases.pdf.

Finally, the Court is aware that Plaintiff has been previously warned about his harmful use of antisemitic language and his perpetuation of antisemitic stereotypes and negative tropes about Jewish people.  *See, e.g. Manchanda v. Senderoff*, 2022 WL 1667261, at *1 (2d Cir. Mar. 24, 2022).  These warnings have not swayed Plaintiff from using the same language here in his Complaint and other submissions.  Plaintiff is warned that continued use of such language will not be tolerated by this Court.  The Court also will not tolerate submissions that unduly call into question the conduct or integrity of members of the Judiciary, such as Plaintiff's baseless remarks against Judge Liman.  Such offensive tactics interfere with the orderly administration of justice and have no proper place in our legal system.  Plaintiff, a trained lawyer, can make his legal arguments without resorting to *ad hominem* attacks.  Should Plaintiff continue to resort to antisemitic and/or personal attacks in future submissions, this may result in sanctions including the Court's disregarding the submission in question in its entirety.

**The Clerk of the Court is respectfully directed to terminate the motions at ECF No. 33, 35 and 40.**

SO ORDERED.

DATED:     New York, New York                    _____
           December 8, 2023                      KATHARINE H. PARKER
                                                 United States Magistrate Judge