**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

December 20, 2023

By ECF
Hon. Katherine H. Parker
United States Magistrate Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street, Room 750
New York, New York 10007-1312

Re: *Manchanda v. Reardon et al.*, 23 Civ. 9292 (JPC) (KHP)

Dear Judge Parker:

This Office represents the "FBI NYC Field Office" (the "FBI Defendant") in the above-referenced matter. We write respectfully to request a pre-motion conference in anticipation of filing a motion to dismiss pursuant to Federal Rules of Civil Procedure 4(m), 12(b)(1), and 12(b)(6). We understand that the Court has scheduled a pre-motion conference for January 9, 2024, in connection with the State Defendants' anticipated motion to dismiss (*see* Order dated December 8, 2023 [Dkt. No. 42]), and request that the pre-motion conference be expanded to include the FBI Defendant's anticipated motion as well.

**A. Background**

*Pro se* plaintiff Rahul Manchanda ("Plaintiff" or "Mr. Manchanda"), a lawyer, filed this action alleging, *inter alia*, that he has been the subject of non-stop malicious prosecution, harassment, and other misconduct since at least 2021. Amended Complaint [Dkt. No. 15] ¶ 3. In his Amended Complaint, Plaintiff added the FBI NYC Field Office as a defendant, alleging that for the past twenty-one years it "has virtually never provided assistance" to Plaintiff, even when he supposedly "was a victim of serious crime." *Id.* ¶ 20a. According to Plaintiff, "This is just as bad as the NYC FBI Field Office . . . committing the injuries and crimes against [Plaintiff]" itself. *Id.* ¶ 20e. Based on this alleged misconduct, Plaintiff attempts to assert claims against the FBI NYC Field Office for purported violations of 42 U.S.C. § 1983, 42 U.S.C. § 2000ee-1(e), 18 U.S.C. §§ 2510 *et seq*. (the Electronic Communications Privacy Act), and 18 U.S.C. § 1030 (the Computer Fraud and Abuse Act), as well as for abuse of process, malicious prosecution, computer trespass, conversion of computer data, and judicial bias and prejudice. *See* Dkt. No. 15 ¶¶ 21–38.

**B. The Court May Dismiss the Amended Complaint *Sua Sponte***

Although the FBI NYC Field Office intends to move to dismiss Plaintiff's Amended Complaint, the Court possesses the authority to dismiss this action *sua sponte*. District courts have inherent authority to dismiss frivolous complaints on their own initiative, even when the plaintiff has paid the required filing fee. *See, e.g.*, *Frein v. Pelosi*, No. 22-1063, 2023 WL 2530453, at *1 (2d Cir. Mar. 16, 2023). A complaint is frivolous "where it lacks an arguable basis either in law or in fact," or, put another way, when it contains either "inarguable legal conclusion[s]" or

"fanciful factual allegation[s]," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In fact, district judges in this Circuit have repeatedly dismissed *sua sponte* frivolous cases brought by Mr. Manchanda. *See, e.g.*, Order, *Manchanda v. Emons et al.*, No. 17 Civ. 127, Dkt. No. 46 (D. Conn. May 23, 2017) (dismissing *sua sponte* Mr. Manchanda's complaint because it was "yet another frivolous, prolix motion failing to provide a short and plain statement of Plaintiff's claim to relief as required by Federal Rule of Civil Procedure 8"); Order of Dismissal, *Manchanda v. Richardson et al.*, 15 Civ. 4657, Dkt. No. 5 (S.D.N.Y. July 21, 2015) (dismissing *sua sponte* Mr. Manchanda's suit against state court judges); Memorandum and Order, *Manchanda v. Bose et al.*, 15 Civ. 2313 (VSB), Dkt. No. 3 (S.D.N.Y. April 16, 2015) (dismissing Mr. Manchanda's complaint *sua sponte*); Memorandum and Order, *Manchanda v. Cheryl Weir-Reeves*, 13 Civ. 5937 (PAE), Dkt. No. 6 (S.D.N.Y. Sept. 6, 2013) (same). Plaintiff's claims in this action – that the FBI NYC Field Office violated several federal statutes and committed numerous torts by allegedly failing to assist Plaintiff when he was a victim of serious crimes, including by "most notably jewish organized crime," Dkt. No. 15 ¶ 20a – similarly lack any arguable basis either in law or in fact. Accordingly, the Court may dismiss this action as against the FBI Defendant *sua sponte*.

### C. **The FBI NYC Field Office's Request for a Pre-Motion Conference**

Regardless, the FBI NYC Field Office respectfully requests that the Court hold a pre-motion conference in anticipation of its filing a motion to dismiss on numerous grounds. As a threshold matter, the Amended Complaint should be dismissed for improper service of process. Service on a federal agency, like the FBI Defendant, requires (1) "deliver[ing] a copy of the summons and of the complaint to the United States attorney for the district where the action is brought . . . or send[ing] a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;" (2) "send[ing] a copy of [the summons and complaint] by registered or certified mail to the Attorney General of the United States at Washington, D.C.;" and (3) "send[ing]a copy of the summons and of the complaint by registered or certified mail to the agency." Fed. R. Civ. P. 4(i)(1), (2). Here, Plaintiff's certificate of service (Dkt. No. 23) demonstrates that he only served the FBI at 26 Federal Plaza. Accordingly, the Amended Complaint should be dismissed as against the FBI Defendant for improper service of process if proper service is not effected by January 20, 2024 (90 days from the filing of the Complaint). Fed. R. Civ. P. 4(m); *see also, e.g.*, *Point-Dujour v. United States Postal Service*, No. 02 Civ. 6840 (JCF), 2003 WL 1745290, at *2-*3 (S.D.N.Y. Mar. 31, 2003) (dismissing complaint for improper service).

Furthermore, all of Plaintiff's purported causes of action against the FBI Defendant fail as a matter of law. First, Plaintiff's claim under 42 U.S.C. § 1983 is legally deficient because, among other things, he does not assert that the FBI Defendant acted under the color of state law or was a state actor, which is a necessary element of his claim. *See, e.g.*, *Mckenzie v. Guerrino*, No. 23 Civ. 5251 (LTS), 2023 WL 7110882, at *2 n.2 (S.D.N.Y. Oct. 27, 2023) (Section 1983 provides a vehicle for redress of a deprivation of federally protected rights by persons acting under color of state law); Order, *Manchanda v. Lewis*, 20 Civ. 1773 (GBD) (RWL), Dkt. No. 51, at 5 (same). Plaintiff's claim under 42 U.S.C. § Section 2000ee-1 also fails because, *inter alia*, the statute does not provide for a right of action. *See, e.g.*, *Muzumala v. Mayorkas*, No. 22 Civ. 3789 (JGK), 2022 WL 2916610, at *4 (S.D.N.Y. July 22, 2022) (noting "no legal or procedural rights or remedies are provided to individuals" under 42 U.S.C. § 2000ee); *see also* Order, *Manchanda v. Lewis*, 20 Civ. 1773 (GBD) (RWL), Dkt. No. 51 at 5 (dismissing Plaintiff's 42 U.S.C. § 2000ee-1 claim with prejudice as "the statute does not create a private right of action").

Plaintiff's causes of action under the Computer Fraud and Abuse Act ("CFAA") and the Electronic Communications Privacy Act ("ECPA") are likewise deficient because, among other things, neither statute contains a waiver of sovereign immunity. *See, e.g.*, *Garland-Sash v. Lewis*, No. 05 Civ. 6827 (WHP), 2007 WL 935013, at *3 (S.D.N.Y. March 26, 2007) (no waiver of sovereign immunity under CFAA)*, aff'd in part and rev'd in part on other grounds*, 348 Fed. Appx. 639 (2d Cir. Oct. 8, 2009); *Barani v. U.S.*, No. 12 Civ. 2057 (JPO), 2012 WL 1507208, at *1 (S.D.N.Y. April 26, 2012) (no waiver under ECPA; "18 U.S.C. § 2520(a) specifically exempts the United States from civil suits for money damages"). Finally, Plaintiff's tort causes of action all fail as a matter of law because, *inter alia*, the FBI NYC Field Office is not a proper defendant, *see* 28 U.S.C. §§ 1346(b), 2679 (providing that the United States is the only proper defendant to a suit under the Federal Tort Claims Act ("FTCA")) , and Plaintiff has not properly his exhausted administrative remedies as required under the FTCA, *see* 28 U.S.C. § 2675(a).

Separately, all of Plaintiff's causes of action fail to state a claim because they are each premised on the FBI Defendant's alleged failure to investigate or assist in response to Plaintiff's reports that he was a victim of a crime, *see* Dkt. No. 15 ¶ 20a-d, which are discretionary decisions for which a cause of action for monetary relief does not lie. *See, e.g.*, *Heckler v. Chaney*, 470 U.S. 821, 831 (1985) (noting that the decision to prosecute or enforce a matter "is a decision generally committed to an agency's absolute discretion").

We thank the Court for its attention to this matter.

Respectfully,

DAMIAN WILLIAMS
United States Attorney

BY: */s/ Jeffrey Oestericher*
JEFFREY OESTERICHER
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel.: (212) 637-2695
Email: jeffrey.oestericher@usdoj.gov